In the Matter of MATTHEW J. DONALDSON, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, June 29, 1970.

*Marshall G. Kaplan* for petitioner.

*Smith & Reiher (Robert L. Callahan* of counsel), for respondent.

*Per Curiam.* In this proceeding to discipline an attorney, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing, and for imposition of punishment. The respondent does not oppose the motion to confirm; he requests that the court make " such determination  *  *  *  as in the circumstances may seem just and proper. "

The petition is based upon the complaints of two former clients of the respondent made to the petitioner.

The first charge was that the respondent, while acting as attorney for the administratrix of two decedents' estates, in February, 1969, received $5,333.34 belonging to the estates with the understanding that he was to pay debts of the estates amounting to $4,702.41 and to distribute the balance to the heirs, after deducting his fee, but (1) failed to pay the creditors and heirs as late as an unstated period of time after July 14, 1969 and (2) commingled the money of the estates with his personal funds and converted estate funds to his own use.

In the second charge it was alleged that the respondent was the executor and attorney for the estate of a decedent who, in his last will and testament, had named the respondent as a legatee to the extent of $5,000 and had named a certain charitable institution as a residuary legatee; that, after objections had been filed to the will, a compromise agreement was executed pursuant to the terms of which the estate was to be divided equally between the respondent, the charitable institution, and the objectants, of whom the complainant was one; that after the will was probated the respondent withdrew by check, from the estate bank account, the sum of $5,000 for payment by him of a personal obligation, as a result of which the charitable

institution and another distributee did not receive their shares of the estate; and that by this conduct " respondent has converted to his own use * * * $5,000.00 and has thereby placed the estate in a position where it cannot make proper distribution."

The reporting Justice has found that the respondent (1) commingled the estate funds with his own and converted them, less the amount of his fee, to his own use (Charge 1); and (2) converted the sum of $5,000 to his own use (Charge 2). In fact, except with respect to minor details, the respondent has, in effect, admitted all the allegations of the petition, including the wrongful appropriation of the estates' funds for his own use. In our opinion, the findings were fully sustained by the proofs and, accordingly, the petitioner's motion is granted.

In determining the measure of discipline to be imposed upon the respondent, we have taken into consideration his temporary financial difficulties, his commendable candor throughout these proceedings and his full co-operation in the investigation of the charges against him, as well as his good faith in making complete restitution and his deeply repentant attitude. Under the circumstances, it is our opinion that suspension from the practice of law for a period of one year would be an appropriate discipline. Accordingly, the respondent should be suspended from the practice of law for a period of one year, commencing July 27, 1970.

CHRIST, P. J., RABIN, HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Petitioner's motion is granted and respondent is suspended from the practice of law for a period of one year commencing July 27, 1970.